**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRAFIGURA A.G.,

        Plaintiff,

   - against -

BARGE "DBL-22" *her hull, freight, tackle, etc., in rem*;
K-SEA TRANSPORTATION PARTNERS, L.P., *in personam*,

        Defendants.
-------------------------------------------------------------------X

**11 Civ.**

**COMPLAINT**

    Plaintiff, TRAFIGURA A.G., by and through its attorneys, CASEY & BARNETT, LLC, as and for its Complaint, respectfully alleges upon information and belief:

    1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

    2. At all material times, plaintiff, TRAFIGURA A.G., was and is a foreign business corporation authorized to conduct business in the State of New York, with an office and place of business at One Stamford Plaza, 263 Tresser Boulevard, Stamford, Connecticut, and was and is engaged, *inter alia*, in the distribution and trade of petroleum products, and was the owner of a consignment of fuel oil loaded aboard the barge DBL-22, as further described below.

    3. At all material times, barge DBL-22 (hereinafter "the barge"), having official number 1198669, was and is an oceangoing barge, which engages in the common carriage of

petroleum products by water for hire between various domestic and foreign ports, and which is now, or will be during the pendency of this action, within the jurisdiction of this Honorable Court.

4. At all material times, defendant, K-SEA TRANSPORTATION PARTNERS, L.P. (hereinafter "K-SEA"), was and is a foreign limited partnership authorized to do business in the State of New York, with an office located at 3245 Richmond Terrace, Staten Island, New York, and owns, operates, manages and/or charters barges, including the DBL-22, that operate within this district, and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the DBL-22, and at all relevant times, was and still is doing business within the jurisdiction of this Honorable Court.

5. This action is brought on behalf of and for the interest of all parties who may be or may become interested in the claims herein referred to, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

6. On or about July 9, 2010, plaintiff and defendant entered into a spot voyage charter agreement[1], whereby, defendant, K-Sea, agreed to provide the aforementioned barge and a suitable tow vessel to load, transport, and discharge, two parcels of petroleum products belonging to the plaintiff.

7. On or about July 13, 2010, the first parcel, consisting of 16,844.67 barrels of fuel oil, was loaded aboard the barge at the Paradise Fuels terminal in Ossining, New York.

8. According to product specifications, the volume of water within the fuel oil was not supposed to exceed 3.2%.

---

[1] A Spot Voyage Charter is the carriage of a specific amount and type of cargo on a load-port to discharge-port basis.

9. Upon completion of loading, the fuel oil in the barge was tested by an independent inspection company and determined to have a water volume of 2.8%.

10. On or about July 14, 2010, the second parcel, consisting of 9,656.78 barrels of cutterstock[2], was loaded aboard the barge at the IMTT terminal in Bayonne, New Jersey and commingled with the first parcel of fuel oil.

11. According to product specifications, the volume of water in the cutterstock was not supposed to exceed 3.5%.

12. Prior to loading cutterstock from the shore based tanks into the barge, the shore based tanks were tested for water by an independent inspection company and found to have water volumes below 3.5%.

13. Upon completion of loading the cutterstock aboard the barge, the commingled consignment of fuel oil and cutterstock was tested by an independent inspection company and found to have a water volume of 8.4%;

14. The volume of water discovered in the cargo was excessive, and caused the cargo to be contaminated.

15. The cargo contamination was not the result of any act or omission on the part of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of the spot charter party, contracts of carriage, and bailment on the part of defendant, as well as, the unseaworthiness of the barge DBL-22.

16. Plaintiff has performed all of the conditions precedent on their part to be performed under the terms of the said spot charter party.

---

[2] Cutterstock is a petroleum stock which is used to reduce the viscosity of a heavier residual stock by dilution.

17. By reason of the premises, plaintiffs had sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, but which are presently estimated at least $50,000.

**WHEREFORE**, Plaintiffs pray:

1. That process in due form of law issue against the defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

2. The Court order, adjudge and decree that defendants, K-SEA TRANSPORTATION PARTNERS, L.P., and Barge DBL-22, be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs and;

3. *In rem* service of process be issued against Barge BDL-22, her hull, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

4. That Barge DBL-22, her hull, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff

5. That the plaintiffs have such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
      July 11, 2011
      228-93

                                  CASEY & BARNETT, LLC
                                  Attorneys for Plaintiff

By:                             Christopher M. Schierloh
                                  Martin F. Casey
                                  65 West 36th Street, 9th Floor
                                  New York, New York 10018
                                  (212) 286-0225